FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL ANDRITZ, | No. 4:24-CV-05123-MKD |
| Petitioner, | ORDER DISMISSING ACTION |
| vs. | |
| JEFFEREY PERKINS, | |
| Respondent. | |

Before the Court is Petitioner's Second Amended Petition. ECF No. 14. Petitioner, an individual incarcerated at the Coyote Ridge Corrections Center, is proceeding *pro se*. The $5 filing fee was paid. Respondent has not been served.

Petitioner challenges his 2021 Okanogan County jury conviction and indeterminate "life" sentence for first-degree rape of a child. ECF No. 14 at 1-2. Petitioner indicates that his judgment was affirmed on direct appeal, although it was remanded to "strike conditions." *Id.* at 2. He states the Washington State Supreme Court denied review on January 4, 2023, and he did not seek *certiorari* in

ORDER - 1

the United States Supreme Court. *Id.* at 2-3.

Petitioner asserts he collaterally attacked his conviction and sentence in February or March 2023, which was allegedly "Affirmed erroneously" on June 26, 2024. *Id.* at 3-4. He appealed that decision to the Washington State Supreme Court, but he was "denied a hearing on the merits" on September 24, 2024. *Id.* at 6, 8, 9, 11. The initial habeas corpus petition was filed on October 3, 2024. ECF No. 1. It appears the present action is timely under 28 U.S.C. § 2244(d).

### SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Here, Petitioner has failed to present facts entitling him to federal habeas relief.

ORDER - 2

**PETITION FORM**

On the petition form, Petitioner asserts the following four grounds for federal habeas corpus relief: (1) "Conviction Violates base elements of the U.S. const. to include 14th and 5th amend due process"; (2) "Conviction/Sentence Violates U.S. const. 14th amend 'eqal protections' 'due process'; (3) "Conviction/Sentence Violates U.S. const. Article VI 'Supremacy Clause' see Wash const Article 1 §2 § 29 'mandatory'"; and (4) "unknown, Pro-se reserves all claims available." ECF No. 14 at 5, 7, 8, 10 (as written in original).

In support of his first ground for relief, Petitioner asserts, "Mens rea is Not required is sex cases in Washington U.S. Const protects citizens from the State using 'Bill of attainder' Principles of 'Separation of powers' applies to the state U.S. Const protects citizens from state giving privileges to some and not all citizens, * Immunities also *these were presented Supported by U.S. Supreme Court precedent.*". *Id.* at 5 (as written in original). It is unclear what Petitioner is asserting.

In the prior Order, the Court determined Petitioner's assertion of a "bill of attainder" had no basis in law or fact. *See* ECF No. 11 at 3. And although granted the opportunity to do so, he presents no facts supporting a separation of powers, equal protection, or due process claim. *Id.* at 4. Consequently, Petitioner's first ground does not entitle him to federal habeas relief.

ORDER - 3

1  Although Petitioner cites to various constitutional provisions in his second
2  ground for relief, his "supporting facts" do not demonstrate that he is entitled to
3  relief.  Petitioner makes an assertion regarding the content of his state court
4  petition.  ECF No. 14 at 7.  He claims counsel failed to investigate an "important
5  witness" or to "file CrR 7.5 for 'fact finding' in the Superior Court of inconsistent
6  out of Court statements which as Now prejudiced my Appeals in the higher
7  Courts."  *Id.* (as written).  Petitioner presents no facts indicating who this witness
8  was or what testimony would have exonerated him of the crime of first-degree rape
9  of a child.  *Id.*  These assertions do not warrant federal habeas relief.

10  Likewise, Petitioner's additional contentions that he "brought Multiple plain
11  english claims that when found true by any just court would entitle him to relief
12  from Unlawful restraint," and that his requests for "counsel" a "fact finding
13  hearing" at "every level" was ignored, *id.* at 8 (as written in original), do not entitle
14  him to federal habeas corpus relief.  Petitioner's conclusory assertions do not
15  support a claim that Petitioner's conviction violates the Constitution, laws, or
16  treaties of the United States.  *Estelle*, 502 U.S. at 68.

### PETITIONER'S AFFIDAVIT

18  In the affidavit attached to his Second Amended Petition, Petitioner
19  complains that "ALL of these claims have been unaddressed and passed upon by
20  the Washington state Supreme Court."  ECF No. 14-1 at 1.  Petitioner asserts a

ORDER - 4

belief that his conviction violates the "Federal Constitution, laws or treaties of the United States." *Id.* at 2.

He claims Fourteenth Amendment violations occurred when (a) "state court proceedings were acted contrary to well established U.S. Supreme Court precedent"; (b) "state court actors violated principles of "Separation of powers" because the legislature in this case decided the sufficiency of the evidence"; and (c) "state legislature also moves to enforce or perscribe punishment making U.S. citizens submitt to Judicial liability without due process of law in violation of U.S. const. art 1 § 10, speifies affected persons AND inflicts punishment while the U.S. Supreme Court has held this can be so Even if a judicial trial is later provided, *The fact is the person "accused" needs to prove innocence contrary to Constitutional basics." *Id.* at 2 (as written in original). The Court is unable to infer from these conclusory assertions how Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Petitioner asserts "Washington Appeals courts are 'Restricted' by the legislature from reversing plaintiff's conviction even upon a finding of evidence of Actual Innocence." ECF No. 14-1 at 3. He contends, "when presented with the U.S. constitution, U.S. Supreme Court precedent, the state simply failed to rebut or otherwise address these federal questions, Plus the Appeal courts did not require a response to the specifics." *Id.* (as written in original).

ORDER - 5

Petitioner's contentions regarding his presentation of claims to the state appellate courts regarding "continuances," the alleged failure of the state to respond, and the alleged failure to provide "full and fair" review, are, in effect challenges to state post-conviction procedures. *Id.* at 3-4. As such, they do not provide a basis for federal habeas corpus relief.

States are not required by the federal Constitution to provide collateral review of criminal convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *see also, e.g.*, *Jones v. Butler*, 778 F.3d 575, 586 (7th Cir. 2015) (holding that state court's denial of post-conviction evidentiary hearing, which petitioner claimed "was a violation of his due process rights," was simply a challenge to state post-conviction procedures and not cognizable); *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (given that "the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application.") (internal citations, quotation marks, and alteration omitted). Consequently, any claim challenging post-conviction procedures in state court is not a cognizable habeas claim.

Petitioner has also failed to support his assertion of actual innocence. To make a proper showing of actual innocence, a petitioner must establish his factual innocence of the crime and not mere legal insufficiency. *See Bousley v. United*

ORDER - 6

*States*, 523 U.S. 614, 623-24 (1998).

A credible claim of actual innocence "requires [a] petitioner to support his allegation of constitutional error with new reliable evidence . . . ." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Examples of evidence which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, and exculpatory scientific evidence, *see Schlup*, 513 U.S. at 324. Petitioner has presented no new reliable evidence showing, more likely than not, that he is in fact actually innocent of the crime of first-degree rape of a child. *See, e.g.*, *Carriger v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997) (en banc) (actual innocence shown by sworn confession of third person accurately describing details of crime). Petitioner presents no "evidence of innocence so strong that [this court] cannot have confidence in his conviction." *Schlup,* 513 U.S. at 316; *Bousley*, 523 U.S. at 623 ("actual innocence" means factual innocence, not mere legal insufficiency). His conclusory assertion of actual innocence does not warrant federal habeas review.

Petitioner asserts "ineffective" counsel both at trial and on direct appeal. ECF No. 14-1 at 5. He claims trial counsel failed to interview a "witness that was alleged to be 'present' as another 'eye' witness"; "properly object" or "move for 'New trial' to bring a full record into the court for appeal; or "bring up the 'Alibi' prejudice to command Judicial review, allowing the State to amend the

ORDER - 7

1  'Information' after resting States case in chief." *Id.* (as written in original).  These

2  conclusory and unclear assertions, unsupported by factual allegations, do not

3  support an ineffective assistance of trial counsel claim.

4  Petitioner claims appellate counsel "told the plaintiff she was 'restricted' to

5  only the trial transcripts, furthermore constitutional issues were left for a pro-se

6  personal restraint petition Not the custom of appeal attorneys"; "prejudice raised

7  by the testimony of the plaintiff was ignored as 'outside' the record"; and

8  "Plaintiff is in possession or at least was, of a letter from the appeal counsel

9  informing him that if she (appeal Counsel) could she easily saw 'Ineffective

10  Counsel' but could Not address if from an objection that reportedly was needed on

11  the transcripts." *Id.* at 5-6 (as written in original).  Petitioner also appears to

12  challenge a claim by appellate counsel that "there was No support in the record for

13  'Prosecutor misconduct' however the plaintiff later found existing Washington

14  cases that other reasonable Jurists found Just the alteration of the 'Information"

15  after the state rests case in chief was all that was required." *Id.* at 6 (as written in

16  original).  The Court is unable to infer a cognizable habeas claim from these

17  alleged representations by appellate counsel.

18  Next, Petitioner asserts that "the State's denial of U.S. Const first amend

19  right to 'meaningfully petition' has prejudiced his due process rights and

20  erroneously had negative effects on his proceeds." *Id.* at 6.  The Court cannot

ORDER - 8

1  decipher what Petitioner is asserting here. While he references the First

2  Amendment and due process, he presents no facts supporting a claim that his

3  Constitutional rights were violated.

4      Finally, Petitioner appears to assert that he received an "exceptional"

5  sentence. *Id.* at 7. Petitioner presents no facts from which the Court could infer

6  that his sentence was not authorized by state law. Indeed, the statutory maximum

7  for first degree rape of a child, a Class A felony, is life imprisonment. *See* RCW

8  9A.44.073; RCW 9A.20.021(1)(a).

9      Regardless, federal habeas corpus relief would not lie for mere errors of state

10 law. *See, e.g.*, *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990);

11 *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Petitioner has failed to clearly identify a

12 federal law that has been violated. A district court reviewing a state sentence

13 under § 2254 is not empowered to review issues of state law. *See* 28 U.S.C. §

14 2254(a).

15     In closing, Petitioner asserts, "further prejudice and absolute waste of time

16 was experienced by the Appeal Court Clerk improperly 'tampering' with plaintiff's

17 pleadings that were surely compliant with Court rule But the Court itself refused to

18 except 'discretionary' review of the merits of the Clerk's actions" and "the state's

19 total 'gamesmanship' has caused egregious cumulative Federal constitutional error

20 even If 'each' one somehow does Not stand alone for 'Relief' from

ORDER - 9

'Unconstitutional restraint.'" ECF No. 14-1 at 7 (as written in original). These conclusory assertions do not warrant federal habeas relief.

Having granted Petitioner multiple opportunities to amend, the Court finds that further amendment would be futile.

Accordingly, **IT IS ORDERED**:

1. The Second Amended Petition for Writ of Habeas Corpus, ECF No. 14, is **DISMISSED with prejudice** pursuant to Habeas Rule 4.

2. The Court certifies that any appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**. The Clerk's Office shall file this Order, **enter judgment**, provide copies to Petitioner, and **CLOSE** this file.

DATED February 27, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 10